**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

**Case No. 00-CV-139 JMR/FLN**

**CARPENTERS & JOINERS WELFARE FUND, TWIN CITY CARPENTERS PENSION FUND, TWIN CITY CARPENTERS VACATION FUND, TWIN CITY CARPENTERS APPRENTICESHIP AND TRAINING PROGRAM, CARPENTERS & JOINERS DEFINED CONTRIBUTION PLAN,**

Plaintiffs,

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT**

vs.

**STONINGTON MANUFACTURING, INC. and JERRY DONOVAN, individually,**

Defendants.

This matter was heard before the undersigned on the 18th day of May, 2000. Jacqueline M. Beaulieu of McGrann Shea Franzen Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on January 19, 2000, seeking an order requiring production of fringe fund reports and judgment for the amounts shown to be due per those reports.

2. Defendants Stonington Manufacturing, Inc. and Jerry Donovan were served with a Summons and Complaint in this matter on February 25, 2000.

MAY 18 2000

FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD MAY 18 2000
DEPUTY CLERK

3. Defendants have failed to file and serve an Answer to the Summons and Complaint.

4. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing carpentry work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements.

5. Defendants accepted and agreed to be bound by certain a collective bargaining agreement ("CBA") with the Lakes and Plains Regional Council of Carpenters and Joiners. The CBA obligates Defendants, as an employer, to submit fringe benefit reports and contributions.

6. Defendants failed to timely produce reports and contributions for the period July, 1999 through March, 2000.

7. The bargaining agreement provides that Defendants pay liquidated damages of 10% of contributions.

8. The bargaining agreement provides that Plaintiffs are entitled to their reasonable attorney fees and costs of this action.

## CONCLUSIONS OF LAW

1. Defendants are in default, and Plaintiffs are entitled to Default Judgment.

2. Defendants must produce the fringe fund report and contributions for the period July, 1999 through March, 2000.

3. Defendants owe 10% of the contributions shown to be due in liquidated damages.

4. Defendants owe an amount for reasonable attorney fees and costs of this action.

**ORDER**

IT IS ORDERED:

1. That Plaintiffs' motion for default judgment is granted.

2. That Defendant shall produce fringe fund reports and contributions for July, 1999 through March, 2000 and all subsequent months as they become due after the date of this order.

3. That Defendants shall pay an amount, to be determined after hearing, for reasonable attorney fees and costs associated with this action.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 18, 2000

BY THE COURT

James M. Rosenbaum
Judge of District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.